IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:12-CR-00259-RJC-DCK

| | |
|---|---|
| USA, | ) |
|     Plaintiffs, | ) |
| v. | ) ORDER |
| GLENN ADKINS JR., | ) |
|     Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the Government's Motion to Authorize Payment from Inmate Trust Account, (Doc. No. 283); the Defendant's Response, (Doc. No. 284); and related pleadings. For the reasons below, the Court will grant the United States' Motion, pursuant to 18 U.S.C. §§ 3613(a), 3664(n), and 3664(k).

## I. BACKGROUND

The Defendant was found guilty conspiracy, wire fraud, and money laundering offenses related to a telemarking sweepstakes scam, which victimized numerous elderly people. (Doc. No. 96: Verdict). On October 30, 2014, this Court sentenced him to a total of three hundred (300) months' imprisonment, and two (2) years of supervised release. (Doc. No. 144: Judgment at 2-3). This Court also ordered him to pay a $1,400.00 special assessment and $2,419,706.88 in restitution. (Id. at 4). His conviction and sentence were affirmed on appeal. (Doc. No. 190: Opinion).

He remains in federal custody and is currently assigned to the Federal Correctional Institution in San Pedro, California. He is scheduled to be released from federal custody in November 2033. At the time the Government's motion was filed, he had paid $275.00 of the special assessment and $175.00 in restitution. (Doc. No. 283-1: Motion at 1). Thus, the current balance of Defendant's restitution debt is $2,411,494.84. The United States Attorney's Office recently learned that he currently has $1,975.24 in his inmate trust account maintained by the Bureau of Prisons ("BOP"). (Id. at 2). The United States moves for entry of an order authorizing the BOP to turn over $1,775.24 of the funds held in Defendant's inmate trust account to the Clerk of Court as payment toward the restitution owed to the victims of Defendant's crime.

## II. DISCUSSION

Title 18, United States Code, section 3613 sets out procedures for the United States to enforce criminal monetary penalties, including restitution and fines. See 18 U.S.C. §§ 3613(a) and (f). Pursuant to 18 U.S.C. § 3613(c), upon entry of judgment, a lien arises against all of the defendant's property and rights to property, including the defendant's interest in funds held by the BOP in his inmate trust account. See 18 U.S.C. § 3613(a) (United States may enforce restitution against all property and rights to property of the defendant).

The Mandatory Victims Restitution Act ("MVRA") permits the United States to use "all other available and reasonable means" to collect restitution. See 18 U.S.C. § 3664(m)(1)(A)(ii). The MVRA also requires that a defendant's substantial

resources received from any source during his term of incarceration be applied to his outstanding restitution obligation. See 18 U.S.C. § 3664(n). The MVRA further authorizes the Court to order payment of a restitution obligation upon notice of a material change in a defendant's economic circumstances that affects his ability to pay restitution "as the interests of justice require." See 18 U.S.C. § 3664(k).

The Defendant objects, arguing that the funds are not "substantial," are co-mingled with exempt veteran's disability payments, and are needed to support his dependents. (Doc. No. 284: Response at 2-3). The Government counters that the $1,775.24 sought in the motion is the remainder of a substantial $2,800 economic impact payment the Defendant received under the Coronavirus Aid, Relief, and Economic Security (CARES) Act; thus, there would be no loss of the Defendant's veteran's benefits or his ability to support dependents from prison earnings, as ordered in the Judgment. (Doc. No. 287: Reply at 2). Although the Defendant asserts that the CARES Act funds should be exempt, he has not provided any legal authority for concluding so.

Rather, the funds at issue currently are in the Government's possession and the Government has a valid lien over this property. Further, because the property at issue is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. See 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases). Thus, the Court finds that an order authorizing the turnover of the Defendant's property is appropriate here.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Authorize Payment from Inmate Trust Account (Doc. No. 283) is **GRANTED**, and the Bureau of Prisons is hereby authorized to turn over to the Clerk of Court funds in the amount of $1,775.24 held in the inmate trust account for the Defendant as payment for the criminal monetary penalties imposed in this case.

SO ORDERED.

Signed: December 30, 2021

Robert J. Conrad, Jr.
United States District Judge